UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FELICIANO CRUZ-RODRIGUEZ, <br><br> Defendant. | Case No. 1:09-cr-102-BLW <br> **MEMORANDUM DECISION** |
| FELICIANO CRUZ-RODRIGUEZ <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | Case No. 1:16-CV-371-BLW <br> **MEMORANDUM DECISION** |

**INTRODUCTION**

The Court has before it a motion to vacate under 28 U.S.C. § 2255, filed in Cruz-Rodriguez's original criminal case, *U.S. v. Cruz-Rodriguez,* Case No. 1:09-cr-102-BLW, and in a separate civil filing, *Cruz-Rodriguez v. U.S.,* Case No. 1:16-cv-371-BLW. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions and dismiss the civil action.

**Memorandum Decision – page 1**

# ANALYSIS

On June 8, 2010, the Court sentenced Cruz-Rodriguez to 120 months imprisonment for conspiring to distribute methamphetamine, cocaine, and marijuana. The Court determined the base offense level to be 32, his total offense level to be 29, and his criminal history category to be a category II, for a Guideline range of 97 to 121 months. The defendant was subject to a statutory mandatory minimum sentence of 120 months. The Court found that Cruz-Rodriguez did not qualify for the safety-valve, and ruled that "[t]he sentence will be 120 months, the mandatory minimum." *See Sentencing Transcript (Dkt. No. 393)* at p. 14.

Cruz-Rodriguez now seeks to reduce his sentence under a Guideline amendment issued after his sentencing that was given retroactive effect in Guideline § 1B1.10(d). *See U.S. v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016) (holding that the amendment "applies retroactively on direct appeals"). That amendment reduced by two levels the base offense levels in the drug quantity table in USSG § 2D1.1.

Cruz-Rodriguez argues that the amendment applies to him, and that with a two-level reduction in the offense level, his new Guideline range is 78 to 97 months. But he ignores the facts that (1) the mandatory minimum remains at 120 months, and (2) he fails to qualify for the safety valve. In applying the amendment, the Court cannot drop below the mandatory minimum. *See Guideline* §§ 1B1.10(b)(1) & (2)(A). Consequently, even assuming the amendment reduces the offense level for Rodriguez-Cruz by two points, it does not result in any change to his sentence.

Cruz-Rodriguez made his first attempt to reduce his sentence by filing a motion in his criminal case under 18 U.S.C. § 3582(c)(2). The Court denied that motion based on the analysis above. *See Order (Dkt No. 497 in U.S. v. Cruz-Rodriguez,* 1:09-cr-102-BLW). Cruz-Rodriguez also filed a § 2255 petition in his criminal case and in a separate civil case – those are the petitions now before the Court.

The § 2255 petitions must be dismissed. Cruz-Rodriguez is not arguing that his sentence was illegal when imposed or that it falls into any category listed in § 2255(a). Instead, he is asking for the retroactive benefit of a clarifying amendment. This type of claim must be brought under 18 U.S.C. § 3582, not § 2255. See *Hamilton v. U.S.*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that § 2255 claims must be based only on lack of jurisdiction, constitutional error, an error resulting in "a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure").

The Court has already issued an Order denying the claim under § 3582. Because that was the only avenue of relief for Cruz-Rodriguez, his § 2255 petitions must be dismissed. Accordingly, the Court will (1) deny the § 2255 petition filed in *U.S. v. Cruz-Rodriguez,* 1:09-cr-102-BLW; and (2) grant the Government's motion to dismiss the § 2255 Petition in *Cruz-Rodriguez v. U.S.*, Civil No. 1:16-cv-371-BLW. The Court will issue a separate Judgment in that case as required by Rule 58(a).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 4) in *Cruz-Rodriguez v. U.S., Case No. 1:16-cv-371-BLW,* is GRANTED.

**Memorandum Decision – page 3**

IT IS FURTHER ORDERED, that the motion to vacate under 28 U.S.C. § 2255 (docket no. 492) in *U.S. v. Cruz-Rodriguez,* Case No. 1:09-cr-102-BLW is DENIED.

IT IS FURTHER ORDERED, that the Clerk shall file a copy of this Memorandum Decision in both cases contained in the heading above.

DATED: May 1, 2017

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision – page 4**